Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2403
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
HERMINIA LORENZO CRUZ

ORIGINAL FILED
07 AUG 29 PM 1: 12
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| HERMINIA LORENZO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE RECOVERY SYSTEMS, LTD., a Texas limited partnership, MIDWAY COLLECTIONS, INC., a Texas Corporation, CHRISTOPHER JAMES MATHEWS, individually and in his official capacity, and STEVEN P. MCWHORTER, individually and in his official capacity,<br><br>Defendants. | Case No. C07 04473<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, HERMINIA LORENZO CRUZ (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.  This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

4.  Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

5.  This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

6.  Plaintiff, HERMINIA LORENZO CRUZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.  Defendant, NATIONWIDE RECOVERY SYSTEMS, LTD. (hereinafter "NATIONWIDE"), is a Texas limited partnership engaged in the business of collecting debts in this state with its principal place of business located at: 2304 Tarpley Road, Suite 134, Carrollton, Dallas County, Texas 75006-2470. NATIONWIDE may be served as follows: Nationwide Recovery Systems, Ltd., c/o Midway Collections, Inc., General Partner, CT Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas 75201-4201. The principal business of NATIONWIDE is the collection of debts using the mails and telephone, and NATIONWIDE regularly attempts to collect debts alleged to be due another. NATIONWIDE is a "debt collector"

within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8. Defendant, MIDWAY COLLECTIONS, INC. (hereinafter "MIDWAY"), is a Texas corporation and the general partner of NATIONWIDE with its principal place of business located at: 2304 Tarpley Road, Suite 134, Carrollton, Dallas County, Texas 75006-2470. MIDWAY may be served as follows: Midway Collections, Inc., c/o CT Corporation System, Registered Agent, 350 North St. Paul Street, Dallas, Dallas County, Texas 75201-4201. The principal business of MIDWAY is the collection of debts using the mails and telephone, and MIDWAY regularly attempts to collect debts alleged to be due another. MIDWAY is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9. Defendant, CHRISTOPHER JAMES MATHEWS (hereinafter "MATHEWS"), is a natural person and is or was an employee, agent, officer and/or director of NATIONWIDE and MIDWAY at all relevant times. MATHEWS may be served at his current business address at: Christopher James Mathews, Nationwide Recovery Systems, Ltd., 2304 Tarpley Road, Suite 134, Carrollton, Dallas County, Texas 75006-2470 and at his residence address at: Christopher James Mathews, 3409 Leighton Ridge Drive, Plano, Collin County, Texas 75025-4394. MATHEWS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that MATHEWS is liable for the acts of NATIONWIDE and MIDWAY because he sets and approves NATIONWIDE and MIDWAY collection policies, practices, procedures and he directed the unlawful activities described herein.

10. Defendant, STEVEN P. MCWHORTER (hereinafter "MCWHORTER"), is a natural person and is or was an employee, agent, officer and/or director of NATIONWIDE and MIDWAY at all relevant times. MCWHORTER may be served at his current business address at: Steven P. McWhorter, Nationwide Recovery Systems, Ltd., 2304 Tarpley Road, Suite 134, Carrollton, Dallas County, Texas 75006-2470 and at his residence address at: Steven P. McWhorter, 1498 County Road 4106, Kaufman, Kaufman County, Texas 75142-6157. MCWHORTER is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that MCWHORTER is liable for the acts of

1  NATIONWIDE and MIDWAY because he sets and approves NATIONWIDE and MIDWAY
2  collection policies, practices, procedures and he directed the unlawful activities described herein.
3        11.    At all times herein mentioned, each of the Defendants was an officer, director,
4  agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said
5  times, each Defendant was acting in the full course and scope of said office, directorship, agency,
6  service, employment and/or joint venture. Any reference hereafter to "Defendants" without further
7  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### VI. FACTUAL ALLEGATIONS

      12.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a cellular telephone account issued by Cingular Wireless (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

      13.    Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendants for collection from Plaintiff.

      14.    Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

      15.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

      16.    The collection letter (Exhibit "1") is dated May 24, 2007.

      17.    Plaintiff is informed and believes, and thereon alleges that the collection letter (Exhibit "1") was Defendants' initial communication with Plaintiff in connection with the collection of the debt alleged to be owed to Cingular Wireless.

      18.    The collection letter (Exhibit "1") states:

> This company is a debt collector that is attempting to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment, if any, and mail you a copy of such verification or judgment. If you notify this office within 30 days after receiving this notice, this

      office will provide you with the name and address of the original creditor, if different from the current creditor.

19.    Plaintiff is informed and believes, and thereon alleges that Defendants have sent standard form collection letters in the form of Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

### VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

20.    Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

21.    Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 19 above.

22.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

23.    Defendant, NATIONWIDE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

24.    Defendant, MIDWAY, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25.    Defendant, MATHEWS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26.    Defendant, MCWHORTER, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27.    The financial obligation allegedly owed to Cingular Wireless by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

28.    The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a.    Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§

1692e and 1692e(10); and

  b. Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor if different from the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

29. Defendants have further violated the FDCPA in the following respects:

  a. Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4); and

  b. Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5).

30. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

32. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

33. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 31 above.

34. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

35. Defendant, NATIONWIDE, is a "debt collector" as that term is defined by

1  the RFDCPA, Cal. Civil Code § 1788.2(c).

2      36.    Defendant, MIDWAY, is a "debt collector" as that term is defined by the
3  RFDCPA, Cal. Civil Code § 1788.2(c).

4      37.    Defendant, MATHEWS, is a "debt collector" as that term is defined by the
5  RFDCPA, Cal. Civil Code § 1788.2(c).

6      38.    Defendant, MCWHORTER, is a "debt collector" as that term is defined by
7  the RFDCPA, Cal. Civil Code § 1788.2(c).

8      39.    The financial obligation allegedly owed to Cingular Wireless by Plaintiff is
9  a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

10      40.    The collection letter (Exhibit "1") described above violates the RFDCPA.
11  The violations include, but are not limited to, the following:

        a.    Defendants misrepresented Plaintiff's right to obtain a copy of the debt verification or judgment against her, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17; and

        b.    Defendants misrepresented Plaintiff's right to obtain the name and address of the original creditor if different from the current creditor, in violation of 15 U.S.C. §§ 1692e and 1692e(10), as incorporated by Cal. Civil Code § 1788.17.

20      41.    Defendant has further violated the RFDCPA in the following respects:

        a.    Defendants failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendants *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, Defendants would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4), as incorporated by Cal. Civil Code § 1788.17; and

        b.    Defendants failed to send Plaintiff a written notice containing a statement that upon Plaintiff's written request, Defendants would

-7-
COMPLAINT

provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. § 1692g(a)(5), as incorporated by Cal. Civil Code § 1788.17.

42. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

43. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

44. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17.

45. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

46. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10), 1692g(a)(4) and 1692g(a)(5);

c. Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

    f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

    g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

    h.    Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn  
Fred W. Schwinn, Esq.  
Attorney for Plaintiff  
HERMINIA LORENZO CRUZ

## **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn  
Fred W. Schwinn, Esq.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, HERMINIA LORENZO CRUZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn  
Fred W. Schwinn, Esq.